UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDRE SMITH,

                                  Plaintiff,

                -against-

THE CITY OF NEW YORK, P.O. HANA KURIAN, both individually and in his official capacity as a police officer, and P.O. MIQUEL LAGARA, both individually and in his official capacity as a police officer, and "JOHN DOES" and "JANE DOES" said names being fictitious and presently unknown persons believed to be police officers and personnel of the New York City Police Department,

                                  Defendants.
------------------------------------------------------------X

Docket No.: 12-CV-4922 (NRB)

**FIRST AMENDED VERIFIED COMPLAINT**

**PLAINTIFF DEMANDS A <u>JURY</u>**

**ECF CASE**

       Plaintiff, by and through his attorneys, THE COCHRAN FIRM, as and for his Verified Amended Complaint against Defendants, respectfully sets forth and alleges that:

### <u>NATURE OF THE CLAIMS</u>

       1.     This is a civil action for injunctive, compensatory, punitive and exemplary damages for the wrongful arrest, excessive force, assault, battery, negligence, recklessness and carelessness of the Defendants, which caused the Plaintiff to suffer serious physical injury, including paralysis.

       2.     This action is to redress the deprivation under the color of statute, ordinance, regulation, custom or usage of a right, privilege and immunity secured to the Plaintiff by the United States Constitution, particularly the 1st, 4th, 5th, 6th and 14th Amendments, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, <u>Monell</u>, and the laws and statutes of New York State.

       3.     This action arises out of an incident occurring on or about February 3, 2012.

4. Defendants' conduct was knowing, malicious, wanton and in reckless disregard of the Plaintiff's rights. It has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages, severe mental anguish and emotional distress.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 (1-4) and 2202 as this case involves a federal question based on Plaintiff's protected rights under the United States Constitution, particularly the 1st, 4th, 5th, 6th and 14th Amendments, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, and Monell. Plaintiff further invokes the supplemental jurisdiction of this Court to adjudicate pendent state law claims pursuant to 28 U.S.C. § 1367. The matter in controversy exclusive of interest and costs exceeds $100,000 (one hundred thousand dollars).

6. Venue is proper in this district under 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff Andre Smith is a permanent resident of the United States, and resides in Bronx County, New York.

8. Defendant CITY OF NEW YORK is a municipal corporation duly existing under and by virtue of the laws of the State of New York and maintains its principal place of business at 100 Church Street, New York, New York 10007.

9. At all relevant times, Defendant P.O. HANA KURIAN was a police officer of the New York City Police Department ("NYPD") and a representative of the City of New York, and he directly participated in the unlawful activity that is the subject of the Complaint.

10. At all relevant times, Defendant P.O. MIQUEL LAGARA was a police officer of the NYPD and representative of the City of New York, and he directly participated in the unlawful activity that is the subject of the Complaint.

11. At all relevant times, Defendants "JOHN DOES" were police officers of the NYPD and representatives of the City of New York, and they directly participated in the unlawful activity that is the subject of this Complaint.

12. At all relevant times, Defendants "JANE DOES" were police officers of the NYPD and representatives of the City of New York, and they directly participated in the unlawful activity that is the subject of this Complaint.

## PROCEDURAL HISTORY

13. Within the requisite time period, Plaintiff filed a Notice of Claim against the City of New York and the NYPD on March 2, 2012.

14. An oral examination of the Plaintiff was held on April 16, 2012 in compliance with Section 50-H of the General Municipal Law.

15. Plaintiff filed a suit against the City of New York, NYPD, and "JOHN AND JANE DOES" in New York State Supreme Court, Bronx County on June 4, 2012.

16. Defendants filed a Notice of Removal of the Complaint filed in New York State Supreme Court, Bronx County to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441 and 1446.

## FACTS

17. At the time of the incident Plaintiff Andre Smith was at his lawful residence located at 1523 Taylor Avenue, Bronx, New York.

18.     On or about February 3, 2012 at approximately 2:00 AM, the Plaintiff called the City's Emergency Call Center, 911, to report a robbery that occurred at his home.

19.     In response to his calls, the NYPD sent officers to the Plaintiff's residence to investigate his claims of robbery.

20.     The first three sets of police officers and/or NYPD employees who responded to the Plaintiff's complaints of robbery failed to properly conduct an investigation or file a police report.

21.     Despite the Plaintiff's repeated calls to the City's Emergency Call Center, 911, complaining of the negligence and the carelessness of the police officers, the Defendant City of New York and the NYPD continually sent police officers to the Plaintiff's home who refused to properly investigate the Plaintiff's claims of robbery.

22.     As such, the last set of police officers who responded to the Plaintiff's robbery complaints similarly refused to investigate and file a police report. Without an arrest warrant, probable or just case, they arrested the Plaintiff and placed him in handcuffs.

23.     During the arrest process the defendant Police Officers handcuffed, restrained, and used excessive force on the Plaintiff causing the Plaintiff to suffer serious injuries, including paralysis.

24.     Defendant City of New York and the NYPD had a policy, practice and/or procedure of inadequately training their agents, servants, police officers, sergeants, detectives, lieutenants, captains and/or employees regarding the proper basis for arrests, arrest procedures, justification for arrests, and/or handling arrested individuals with the proper care and safety to protect them from unnecessary harm. This policy was in reckless disregard to the rights of

4

arrestees and/or victims of crimes, like the Plaintiff, who call upon the NYPD to report criminal wrongdoing.

25. Defendant City of New York and the NYPD breached their duty to ensure that the actions, activities, and behavior of its said servants, agents, sergeants, detectives, lieutenants, captains and/or employees conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk and harm, and that they do not conduct themselves in a manner that would intentionally, wantonly, and/or negligently cause injuries to others, including the Plaintiff herein.

26. Defendant City of New York and the NYPD had a duty to sufficiently screen for hiring, train and supervise, at the command, precinct and patrol levels, its servants, agents, police officers, detectives, employees, and/or personnel so as to ensure the safety, protection, security and well-being of persons who were in the presence, proximity, custody and/or control of the NYPD, officers, detectives, sergeants, lieutenants and/or personnel.

27. As a result of Defendant City of New York and the NYPD's failure to properly hire, train, and supervise their employees, P.O. Hana Kurian and P.O. Miquel Lagara were able to act in reckless disregard to the rights of Andre Smith by abusing their role as police officers by wrongfully arresting, using excessive force, assaulting, battering, and acting in a reckless and careless manner with regards to the Plaintiff's rights.

28. Furthermore, Defendants P.O. Hana Kurian and P.O. Miquel Lagara had a duty to ensure that their actions, activities and behavior conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm, as well as to conduct themselves in a manner that would not intentionally, wantonly, and/or negligently cause injuries to others, including the Plaintiff herein.

## FIRST CAUSE OF ACTION
### (42 U.S.C. §1983)

29. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. The Defendants violated their duty to provide and/or ensure the safety, protection and well-being of Plaintiff Andre Smith who was in the presence, custody and/or control of its personnel.

31. Defendant City of New York and the NYPD had a duty to ensure the actions, activities, and behavior of its said servants, employees, personnel, and/or police officers allowed for the safety of New York citizens. By not doing so, the Defendant City of New York and the NYPD through its employees Defendants P.O. Hana Hurian and P.O. Miquel Lagara violated the Plaintiff's rights under the United State Constitution, particularly the 1st, 4th, 5th, 6th and 14th Amendments, 42 U.S.C. § § 1983, 1985, 1986 and 1988, Monell, and the laws and statutes of New York.

32. At all relevant times, Defendants P.O. Hana Hurian and P.O. Miquel Lagara were representatives of the Defendant City of New York and employees of NYPD. Thus, Defendant City of New York and the NYPD had a duty to ensure that the actions, activities and behavior of Defendants P.O. Hana Hurian and P.O. Miquel Lagara conformed to a certain standard of conduct established by law for the protection of others against unreasonable risk of harm, and not in a manner so as to not intentionally wantonly/ and/or negligence to others, including Plaintiff Smith herein.

33. Defendants P.O. Hana Hurian and P.O. Miquel Lagara in the course and scope of their employment as police officers and representatives for the Defendant City of New York and the NYPD violated the Constitutional Rights of Plaintiff Smith to be safe and secure in his

6

person guaranteed to him by the 4th, 5th and 14th Amendments. He was also subjected to cruel and unusual punishment under the 5th and 6th Amendments, by virtue of being physically assaulted and battered while in handcuffs and detained by said Police Officers.

34. As a result of the Defendants' actions, Plaintiff Smith was severely injured and damaged, rendered sick, paralyzed, sore, lame and disabled, sustained severe nervous shock and mental anguish, great physical pain and emotional upset, some of which are permanent in nature and duration. Plaintiff Smith will be permanently caused to suffer pain, inconvenience, and other effects of such injuries. Additionally, Plaintiff Smith incurred and in the future will necessarily incur further hospital and/or medical expenses in an effort to be cured and live with said injuries. Plaintiff Smith has suffered and will necessarily suffer additional loss of time and enjoyment of life, and he will be unable to pursue his usual duties with the same degree of efficiency as prior to this occurrence, all to his great damage.

35. The resulting injuries sustained by Plaintiff Smith were caused solely by the Defendants, in violation of Plaintiff Smith's Civil and Constitutional rights, and without any cause, provocation, or negligence on the part of Plaintiff Smith contributing thereto.

## SECOND CAUSE OF ACTION
### (Monell)

36. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 35, inclusive, as if fully set forth herein.

37. At all relevant times, Defendant City of New York and the NYPD maintained a custom, practice and/or policy of not properly training, supervising their police officers to respond to complaints of criminal wrongdoing.

38. Their policies, customs and/or practices allowed Defendants P.O. Hana Hurian and P.O. Miquel Lagara to deprive the Plaintiff of his rights under both Federal and State law resulting in him suffering serious injury.

39. As a result of the foregoing policies, customs and/or practices, Plaintiff Smith has suffered and continues to suffer serious injury and damages.

## THIRD CAUSE OF ACTION
### (Negligent Hiring, Training and Supervision)

40. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 39, inclusive, as if fully set forth herein.

41. At all relevant times, the Defendant City of New York and the NYPD had a duty screen applicants for hire, retention or discharge those employees who are not fit, suitable, properly trained and instructed, constituting a potential menace, hazard, or danger to the public or otherwise, those with vicious propensities and those with emotional, physical, psychological, racist, biased and/or physiological traits or characteristics unsuitable, unstable, or contraindicated for such employment.

42. At all relevant times, it was the duty of the Defendant City of New York and the NYPD to sufficiently hire, train, retain personnel within the Police Academy and at the Command, Precinct and Patrol levels so as to sufficiently discipline, supervise, promulgate, and put into effect appropriate rules applicable to the duties, behavior and activities of their servants, agents, police officers, employees and/or personnel.

43. As a result of the Defendants' breach of duty, the Plaintiff was caused to suffer severe injuries and damage, without fault or contributing by the Plaintiff. As such, the Plaintiff has suffered and continues to suffer extreme physical, mental and emotional illness and distress,

as well as severe physical, mental and emotional injuries that are permanent in nature and duration.

## FOURTH CAUSE OF ACTION
### (Excessive Force)

44. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 43, inclusive, as if fully set forth herein.

45. Plaintiff was unlawfully placed in the custody of the NYPD and was wrongfully assaulted, battered, handcuffed, detained, confined and arrested without just cause or provocation.

46. As a result of the foregoing, the Plaintiff's rights secured under the United States Constitution, particularly the 1st, 4th, 5th, 6th and 14th Amendments, 42 U.S.C. §§ 1983, 1985, 1986 and 1988, Monell, and the Laws of the State of New York were violated by the Defendants P.O. Hana Hurian and P.O. Miquel Lagara under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York and the City of New York, and under the authority of their position as law enforcement officers.

## FIFTH CAUSE OF ACTION
### (Negligence Statutory Violations of New York Law)

47. Plaintiff hereby repeats and realleges each and every allegation in paragraphs 1 through 46, inclusive, as if fully set forth herein.

48. The Defendant City of New York and the NYPD negligently failed to provide for the safety, security and protection of the Plaintiff by failing to assist him properly, allowing him to fall and suffer grave injuries.

51. In addition, the Defendant City of New York and NYPD negligently failed to prevent the within incidents of extraordinary violence and intentional infliction of physical and

emotional distress by Defendants P.O. Hana Hurian and P.O. Miquel Lagara who were acting within the course and scope of their employment for the said defendants.

52. As a result of the foregoing, the plaintiff was seriously injured.

53. That by reason of the foregoing, the Plaintiff sustained serious personal injuries and other medical conditions that have resulted in and will continue to result in severe and excruciating pain and suffering, from the moment of this accident and continuing, which resulted from the injuries sustained by reason of the illegal, wanton, malicious, callous, careless, reckless, intentional, and/or negligent conduct of the Defendants, and without any negligence on the part of the Plaintiff contributing thereto.

54. That this action falls within one or more of the exceptions set forth in CPLR 1602.

55. Pursuant to CPLR Section 1602(2)(iv), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed the Plaintiff a non-delegable duty of care.

56. Pursuant to CPLR Section 1602(7), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard of the safety of others.

57. Pursuant to CPLR Section 1602(2)(iv), the Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of each other and/or others who caused or contributed to the Plaintiff's damages.

58.    Pursuant to CPLR Section 1602(11), Defendants are jointly and severally liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted knowingly or intentionally, and in concert, to cause the acts or failures which are a proximate cause of Plaintiff's injuries.

WHEREFORE, Plaintiff prays that the Court enter judgment in their favor and against the Defendants, containing the following relief:

A.    An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiff for her monetary and/or economic damages;

B.    An award of damages in an amount to be determined at trial, but in any event in excess of the jurisdictional limit of any other court which might otherwise have jurisdiction over this matter, plus prejudgment interest, to compensate Plaintiffs for all her non-monetary and/or compensatory damages, including but not limited to, compensation for severe mental anguish and emotional distress, humiliation, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, emotional pain and suffering and other physical and mental injuries;

C.    An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorneys' fees to the fullest extent permitted by law; and

D.    Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues of fact and damages.

Dated: New York, New York
December 28, 2012

Yours, etc.,

_____
Derek S. Sells, Esq. (DS-8891)
Tracey L. Brown, Esq. (TB-4094)
THE COCHRAN FIRM
Attorneys for Plaintiff
233 Broadway, 5th Floor
New York, New York 10279
(212) 553-9215

## ATTORNEY'S VERIFICATION

The undersigned, an attorney, duly admitted to practice law in the Courts of the State of New York and the Southern District of New York, hereby affirms the truth of the following under penalty of perjury:

I am a member of THE COCHRAN FIRM, attorneys for the plaintiff in the above action. I have read the annexed **COMPLAINT** and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: investigation, interviews with client, records, reports, documents, correspondence, data, memoranda, etc., contained in the file.

The reason I make this verification instead of plaintiff, is that the plaintiff resides out of the County of New York, wherein I maintain my offices.

Dated: New York, New York
December 28, 2012

_____
DEREK SELLS