UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ANDRE SMITH,

                                        *Plaintiff,*

                -against-

THE CITY OF NEW YORK, P.O. HANU KURIAN, both individually and in his official capacity as police officer and P.O. MIGUEL LAJARA, both individually and in his official capacity as a police officer, and "JOHN DOES," and "JANE DOES", said names being fictitious and presently unknown persons believed to be police officers and personnel of the New York City Police Department,

                *Defendants, and Third-Party Plaintiffs,*

                -against-

ST. BARNABAS HOSPITAL AND TRANSCARE NEW YORK, INC. d/b/a METROCARE,

                *Third-Party Defendant.*
------------------------------------------------------------------- x

**THIRD PARTY COMPLAINT**

Jury Trial Demanded

12 CV 4922 (NRB)



Defendants and Third-Party Plaintiffs, CITY OF NEW YORK, HANU KURIAN, AND MIGUEL LAJARA, (herein after referred to collectively as "Third-Party Plaintiffs"), by their attorney JEFFREY D. FRIEDLANDER, Acting Corporation Counsel of the City of New York, as and for a Third-Party Complaint, respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action by Third-Party Plaintiffs against ST. BARNABAS HOSPITAL and its contractor, TRANSCARE NEW YORK, INC. D/B/A METROCARE (hereinafter referred to as "Transcare, Inc."), for contribution and indemnification pursuant to an agreement between the CITY OF NEW YORK and ST. BARNABAS HOSPITAL.

2. The Amended Complaint of Andre Smith (Plaintiff) in the underlying action asserts claims against Third-Party Plaintiffs pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and pendant state law claims related to alleged excessive force used against plaintiff by the defendant New York City Police Officers.

3. To the extent, however, that Third-Party Plaintiffs are found liable and any allegations in the Amended Complaint are established, Third-Party Plaintiffs incorporate those allegations by reference and assert that any liability of Third-Party Plaintiffs is due to the acts and omissions of ST. BARNABAS HOSPITAL and its contractor, TRANSCARE, INC. Thus, if Third-Party Plaintiffs are found liable in monetary damages to Plaintiff, or otherwise settle this action with Plaintiff, then Third-Party Plaintiffs are entitled to indemnification from ST. BARNABAS HOSPITAL and contribution from ST. BARNABAS HOSPITAL and TRANSCARE, INC. for all or part of such damages.

## JURISDICTION

4. The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1367 and Rule 14 of the Federal Rules of Civil Procedure.

## THE PARTIES

5. At all times hereinafter mentioned, Defendant/Third-Party Plaintiff CITY OF NEW YORK is and was a municipal corporation duly existing under and by virtue of the law of the State of New York.

6. At all times hereinafter mentioned, Defendant/Third-Party Plaintiff Police Officer HANU KURIAN was and is a police officer of the City of New York Police Department ("NYPD").

7. At all times hereinafter mentioned, Defendant/Third-Party Plaintiff Police Officer MIGUEL LAJARA was and is a police officer of the City of New York Police Department ("NYPD").

8. At all times hereinafter mentioned, Third-Party Defendant ST. BARNABAS HOSPITAL was and is a non-profit corporation duly organized and existing in accordance with the laws of the State of New York and licensed in accordance with Article 28 of the Public Health Law of the State of New York to operate a general hospital, with its principal place of business located at 4422 Third Avenue, Bronx, New York, 10457. At all time relevant herein, ST. BARNABAS HOSPITAL had an agreement with the CITY OF NEW YORK to participate as an ambulance provider in the New York City 911 system and to provide pre-hospital emergency medical treatment and transport ("emergency ambulance service").

9. At all times hereinafter mentioned, Third-Party Defendant TRANSCARE, INC. was and is a corporation duly organized and existing in accordance with the laws of the State of New York and is certified in accordance with Article 30 of the Public Health Law of the State of New York, and applicable federal, state, and local laws, rules and regulations to operate an ambulance service within the City of New York, and has it principal place of business located at 5811 Foster Avenue, Brooklyn, New York, 11234.

10. Upon information and belief, at all times relevant herein, TRANSCARE, INC. was and is under contract with ST. BARNABAS HOSPITAL to provide emergency ambulance service on behalf of ST. BARNABAS HOSPITAL in the New York City 911 System.

11. Plaintiff ANDRE SMITH, upon information and belief, is a resident of Bronx, New York, and represented by DEREK SELLS, ESQ. of the law firm, THE COCHRAN FIRM, located at 233 Broadway, 5th Floor, New York, New York, 10279.

## PROCEDURAL HISTORY

12. Plaintiff ANDRE SMITH commenced this action against Defendant/Third-Party Plaintiff CITY OF NEW YORK by filing a Summons and Complaint in Supreme Court of New York, Bronx County, under Index 304876/2012, on June 4, 2012.

13. On June 7, 2012, Defendant/Third-Party Plaintiff CITY OF NEW YORK received personal service of a copy of the Summons and Complaint in this action.

14. Plaintiff alleges by way of the Complaint that his Constitutional rights under the First, Fourth, Eight and Fourteenth Amendments to the United States Constitution and the Civil Rights Act (Title 42 U.S.C. §§ 1981, 1983, 1985, 1986 and 1988) were caused to be violated on February 3, 2013, when plaintiff was assaulted and subject to excessive force by New York City Police Department Officers HANU KURIAN and MIGUEL LAJARA at 1523 Taylor Avenue, Bronx, New York resulting in plaintiff suffering from permanent paraplegia.

15. On June 19, 2012, the action was removed to the Southern District of New York pursuant to 28 U.S.C. § 1441.

16. Defendant/Third-Party Plaintiff CITY OF NEW YORK responded to the Complaint by serving an answer on September 14, 2012.

17. Plaintiff filed the First Amended Complaint (hereinafter "Amended Complaint") on February 14, 2013, joining Defendants/Third-Party Plaintiffs HANU KURIAN and MIGUEL LAJARA as defendants.

18. Defendants/Third-Party Plaintiffs filed an answer to the First Amended Complaint on February 15, 2013.

### FACTUAL ALLEGATIONS

19. On February 2, 2012 at approximately 7:30 A.M. an ambulance was called to 1523 Taylor Avenue, Bronx, New York.

20. Several minutes later an ambulance operated by employees of TRANSCARE, INC., arrived at 1523 Taylor Avenue, Bronx, New York.

21. Upon the arrival of employees of TRANSCARE, INC., plaintiff ANDRE SMITH was prone on the floor.

22. Plaintiff ANDRE SMITH informed employees of TRANSCARE, INC. that "he could not feel his body".

23. Employees of TRANSCARE, INC. removed plaintiff ANDRE SMITH to the ambulance via a chair rather then using a neck brace and back board, despite being informed by Plaintiff ANDRE SMITH that he could not feel his body.

24. Plaintiff ANDRE SMITH was subsequently transported to St. Barnabas Hospital where he was diagnosed as a quadriplegic.

### FIRST CAUSE OF ACTION
### INDEMNIFICATION FROM ST. BARNABAS HOSPITAL

25. Defendant/Third-Party Plaintiffs repeat and reallege each and every allegation set forth in Paragraph 1 through 22 as if set forth at length herein.

26. On February 1, 2010, ST. BARNABAS HOSPITAL entered into an agreement with the CITY OF NEW YORK to participate in the New York City 911 System as an ambulance provider (hereinafter referred to as "911 Ambulance Agreement").

27. Pursuant to paragraph 1(k) of the 911 Ambulance Agreement, a "Hospital Ambulance" is defined as an "ambulance owned or operated by the Hospital, or owned or operated on behalf of the Hospital by a contractor retained by the Hospital, which is engaged in providing emergency ambulance service in the New York City 911 System pursuant to this Agreement."

28. Pursuant paragraph 9(h) of the 911 Ambulance Agreement, ST. BARNABAS "shall be responsible for ensuring that all Hospital Ambulance personnel comply with the terms of this Agreement and all Federal, State and City laws …."

29. Paragraph 9(j) of the 911 Ambulance Agreement states that ST. BARNABAS "ambulance personnel at all times remain employees of the Hospital, or any contractor retained by the Hospital, and shall not be considered employees of the FDNY or the City of New York. The Hospital shall be responsible for the performance of their work, and for their personal conduct …."

30. Pursuant to paragraph 13(f), ST. BARNABAS agrees, among other things, to assume the defense and liability of, and to indemnify and hold the CITY OF NEW YORK and its officers, employees and agents "harmless from any and all claims, suits, damages and expenses, including reasonable attorneys' fees, arising from any act or omission of the Hospital or any officer, employee, agent or independent contractor of the Hospital, including any contractor retained by the Hospital to operate any Hospital Ambulance, in connection with the Hospital's obligations under this Agreement."

31. Pursuant to paragraph 22, the 911 Ambulance Agreement intended to benefit the CITY OF NEW YORK.

32. Third-Party Plaintiffs, by their undersigned attorney, demanded that ST. BARNABAS assume the defense and indemnify them against the claims asserted by Plaintiff in this action.

33. To date, Third-Party Defendant ST. BARNABAS has failed to defend or indemnify the Third-Party Plaintiffs.

34. ST. BARNABAS breached the aforementioned agreement by, among other things, failing and refusing to defend and indemnify the Third-Party Plaintiffs against the claims asserted by the Plaintiff in this action.

35. Accordingly, while denying that Third-Party Plaintiffs are liable for the claims asserted against them in Plaintiff's Amended Complaint, the Third-Party Plaintiffs state that if Third-Party Plaintiffs are found to be liable to the Plaintiff or any other party, upon any theory of law or liability alleged in Plaintiff's First Amended Complaint, or if the Third-Party Plaintiffs otherwise settle this action with Plaintiff, the Third-Party Plaintiffs are entitled to indemnification by ST. BARNABAS from any judgment or settlement over and against Third-Party Defendants ST. BARNABAS and TRANSCARE, INC. for the full amount of such liability or settlement or for such proportionate share as represents the amount, degree, or kind of negligence or other culpability and negligence attributable to the Third-Party Defendants.

36. Such indemnification is premised on the fact that, under the terms of the agreement, ST. BARNABAS owes Third-Party Plaintiffs for any alleged injures suffered by plaintiff on February 3, 2012, as the alleged injuries were occasioned by the negligent actions of Third-Party Defendants' employees.

## SECOND CAUSE OF ACTION
**CONTRIBUTION FROM ST. BARNABAS HOSPITAL**

35. Defendants/Third-Party Plaintiffs repeat and reallege each and every allegation set forth in Paragraph 1 through 24 as if set forth at length herein.

36. To the extent that Third-Party Plaintiffs are held liable for the claims asserted against them in Plaintiff's Amended Complaint, upon any theory of law or liability alleged in Plaintiff's First Amended Complaint, or if the Third-Party Plaintiffs otherwise settle this action with Plaintiff, the Third-Party Plaintiffs are entitled to contribution pursuant to Article 14 of the New York Civil Practice Law and Rules and other applicable laws from any judgment or settlement over and against Third-Party Defendant ST. BARNABAS for the full amount of such liability or settlement or for such proportionate share as represents the amount, degree, or kind of negligence or other culpability and negligence attributable to the Third-Party Defendants.

## THIRD CAUSE OF ACTION
**CONTRIBUTION FROM TRANSCARE, INC.**

37. Defendants/Third-Party Plaintiffs repeat and reallege each and every allegation set forth in Paragraph 1 through 24 as if set forth at length herein.

38. To the extent that Third-Party Plaintiffs are held liable for the claims asserted against them in Plaintiff's Amended Complaint, upon any theory of law or liability alleged in Plaintiff's First Amended Complaint, or if the Third-Party Plaintiffs otherwise settle this action with Plaintiff, the Third-Party Plaintiffs are entitled to contribution pursuant to Article 14 of the New York Civil Practice Law and Rules and other applicable laws from any judgment or settlement over and against Third-Party Defendant TRANSCARE, INC. for the full amount of such liability or settlement or for such proportionate share as represents the amount, degree, or kind of negligence or other culpability and negligence attributable to the Third-Party Defendants.

**WHEREFORE**, Defendants/Third-Party Plaintiffs CITY OF NEW YORK, HANU KURIAN, and MIGUEL LAJARA respectfully request that Court grant the following relief:

1. For indemnification in full on the first cause of action against ST. BARNABAS; and

2. For contribution on the second cause of action against ST. BARNABAS; and

3. For contribution on the third cause of action against TRANSCARE, INC.; and

4. For damages, including but not limited to defense costs and indemnification, together with costs and expenses, inclusive of counsel fees, on all causes of action, all together with costs and disbursement of this action; and

5. Granting such other further relief as the Court deems just and proper.

Dated:  New York, New York
        January 7, 2013

JEFFREY D. FRIEDLANDER
Acting Corporation Counsel of the City of New York
*Attorney for Defendants/Third-Party Plaintiffs City of New York, Kurian and Lajara*
100 Church Street, Room 3-221
New York, New York 10007
(212) 356-2415

By:   /S/ _____
      SUMIT SUD
      Senior Counsel

CC:   BY ECF AND FIRST CLASS MAIL
      Derek Sells, Esq.
      The Cochran Firm
      *Attorney for Plaintiff Andre Smith*
      233 Broadway, 5th Floor
      New York, New York 10279

CC:   BY FIRST CLASS MAIL
      Kurt Lee Weinmann, Esq.
      Garbarini and Scher, P.C.
      *Attorney for Third-Party Defendant St. Barnabas*
      432 Park Avenue South
      New York, New York 10016

CC:   BY FIRST CLASS MAIL
      David M. Bordoni, Esq.
      Wilson Elser
      *Attorney for Third-Party Defendant Transcare, LLP*
      1133 Westchester Avenue
      White Plains, New York 10604